FILED
2020 Jul-09 AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN MERCER, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 2:16-cv-1204-RDP |
| ALABAMA DEPARTMENT OF TRANSPORTATION, | ) ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Plaintiff's Motion for Declaratory and Injunctive Relief, Attorney's Fees and Costs (Doc. 143) has been referred to the Magistrate Judge for a report and recommendation. The court instructed the Magistrate Judge to address "the motion in light of the Eleventh Circuit's decision in *Canup v. Chipman-Union, Inc.*, 123 F.3d 1440 (11th Cir. 1997), and 42 U.S.C. § 2000e-5(g)(2)(B)," and to "analyze the number of hours reasonably expended by Plaintiff's counsel in prosecuting the Title VII race discrimination claim in this case." Doc. 168. In that vein, the Magistrate Judge held a lengthy hearing on the motion on July 8, 2020.

During the hearing, Defendant requested an opportunity for additional briefing on two issues. The first issue pertains to whether an award of fees is appropriate under *Canup*. In a mixed-motive case like this one, the Eleventh Circuit held that "[a]n award would be appropriate when declaratory or injunctive relief is

awarded or where intentional discrimination is so blatant and egregious that failure to award attorneys' fees to Plaintiff would constitute an injustice." *Canup*, 123 F.3d at 1444.  During the hearing, Plaintiff urged the court to consider evidence outside the record presented at trial to establish that Defendant's conduct was blatant and egregious.  Defendant maintained that the court's analysis of this issue must be confined to the trial evidence.  Neither party provided any authority in support of its position.  The parties will be given an opportunity to do so.

The second issue pertains to the reasonableness of the hours expended by Plaintiff's counsel on this litigation.  The referral order (Doc. 168) specifically addressed this issue, and the Magistrate Judge put the parties on notice during a status conference on June 25 that the court expected to take up individual objections to billing entries during the July 8 hearing.  Defendant nevertheless requested leave to file an additional brief to supplement its opposition (Doc. 151) to the motion by identifying additional objections to certain billing entries.  Due to the nature of this proceeding and the scope of the court's referral, the Magistrate Judge will permit this request, but cautions Defendant that any objection not raised in its supplemental brief will be waived.

For these reasons, it is ORDERED that Plaintiff shall supply the court with any authority for the proposition that the court may consider evidence outside of the trial record in evaluating the egregiousness of Defendant's conduct on or before **July**

2

**16, 2020**. Defendant may respond to Plaintiff's submission on or before **July 23, 2020**.

It is further ORDERED that Defendant may submit an itemized list of its objections to specific time entries, stating the basis for each, on or before **July 16, 2020**. Plaintiff may respond to Defendant's itemized objections on or before **July 23, 2020**.

The Motion for Declaratory and Injunctive Relief, Attorney's Fees and Costs (Doc. 143) will be under submission as of July 23, 2020 without additional oral argument.

DONE and ORDERED on July 9, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE