# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BENJAMIN F. MERCER,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:16-cv-01204-RDP |
| **ALABAMA DEPARTMENT OF TRANSPORTATION,** | } |
| **Defendant.** | } |

## ORDER

The matter is before the court on Plaintiff's Motion for Attorney's Fees and Costs, Declaratory, and Injunctive Relief (Doc. # 143) and Plaintiff's Motion for Sanctions (Doc. # 190). On August 13, 2020 the Magistrate Judge issued a Report and Recommendation on both Motions. (Doc. # 197). In his Report and Recommendation, the Magistrate Judge recommended that:

(1) Plaintiff's Motion for Declaratory and Injunctive Relief, Attorney Fees and Costs (Doc. # 143) be DENIED;

(2) In the alternative, Plaintiff's Motion for Declaratory and Injunctive Relief and Attorney Fees and Costs (Doc. # 143) be GRANTED IN PART and DENIED IN PART, as detailed above, resulting in an award of $165,091.50 in attorney's fees and $7,261.97 in costs and expenses; and

(3) The Motion For Sanctions (Doc. # 190) be DENIED.

(Doc. # 197 at 37).

In his third amended complaint, Plaintiff alleged that Defendant Alabama Department of Transportation discriminated against him in his termination and retaliated against him. (Doc. # 32). The court granted summary judgment to Defendant on the retaliation claim, but found there was a jury issue on Plaintiff's discrimination claim. The discrimination claim proceeded to trial.

(Doc. # 85). After a four-day trial on the discriminatory-termination claim, the jury found that Plaintiff had proven that his race was a motivating factor prompting Defendant to discharge him from his employment, but that Defendant had proven that it would have discharged Plaintiff for race-neutral reasons even if it had not taken his race into account. (Doc. # 133).

After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation (Doc. # 197), and the objections thereto (Docs. # 198, 199), the court accepts the Magistrate Judge's Report and Recommendation in part, and rejects it in part.

1. The court hereby **ADOPTS** the Report of the Magistrate Judge which addresses the availability of declaratory and injunctive relief, despite the fact that it was not included in the pretrial order.[1] Further, the court concludes that although declaratory and injunctive relief are available to Plaintiff, they are inappropriate here. The court also **ACCEPTS** the recommendations of the Magistrate Judge that Plaintiff's Motion for Attorney's Fees and Costs, Declaratory, and Injunctive Relief (Doc. #143) be **DENIED IN PART** to the extent it seeks Declaratory, and Injunctive Relief.

2. The court hereby **ADOPTS** the Report of the Magistrate Judge which addresses the Motion for Sanctions and **ACCEPTS** the recommendations of the Magistrate Judge that Plaintiff's Motion for Sanctions be **DENIED**.[2]

---

[1] Even though Plaintiff did not request declaratory or injunctive relief in the pre-trial order, because declaratory relief was requested in the Complaint, such a failure does not preclude him from requesting it in a post-trial motion. *See Cooper v. Ambassador Personnel, Inc*., 570 F. Supp. 2d 1355, 1358 (M.D. Ala. 2008) (holding that "the absence of any request for injunctive or declaratory relief in the pretrial order in this case does not mean that [the plaintiff] waived or withdrew any entitlement to such after trial."). However, with injunctive relief, in the Third Amended Complaint, Plaintiff only sought reinstatement to his former position at ALDOT; there is no mention of reinstating his concrete license. But again, this is not a bar to bringing a claim for injunctive relief post-trial. *See id*. at 1359 ("Under Rule 54(c) and Title VII, the district court has broad discretion in fashioning relief to achieve the broad purposes of the Civil Rights Act and has authority to award appropriate relief dictated by evidence, 'even though it may not have been sought in pleadings.'").

[2] The court adopts this recommendation with one significant concern – not with the Magistrate Judge's ruling, but with Defendant's conduct. The court does not understand why there was a refusal to agree to place Defendant's submission reflecting Plaintiff's counsel's time records under seal. (*See* Doc. # 198 at 3).

3. The court **REJECTS** the Report of the Magistrate Judge to the extent that it recommends that an award of attorney's fees and costs is dependent on the award of declaratory or injunctive relief or a finding that Defendant's discrimination was blatant and egregious. The court **ADOPTS** the Report of the Magistrate Judge to the extent that it recommends an award in the amount of $165,091.50 in attorney's fees and $7,261.97 in costs and expenses. The court hereby **ADOPTS** the Report of the Magistrate Judge regarding the appropriate amount of an award of attorney's fees, costs, and expenses.[3]

By way of explanation of these rulings, this court referred Plaintiff's Motion to the Magistrate Judge to address "the motion in light of the Eleventh Circuit's decision in *Canup v. Chipman-Union, Inc*., 123 F.3d 1440 (11th Cir. 1997), and 42 U.S.C. § 2000e5(g)(2)(B)," and to "analyze the number of hours reasonably expended by Plaintiff's counsel in prosecuting the Title VII race discrimination claim in this case." (Doc. # 168).

This court emphasizes that the starting point is the statute. Title 42 U.S.C. § 2000e-5(g)(2)(B) provides that:

> (B) On a claim in which an individual proves a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court--
>
>> (i) *may* grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title; and
>>
>> (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

---

[3] The court notes that Defendant has questioned the time spent by Plaintiff's counsel on certain legal tasks. The Magistrate Judge carefully considered those arguments and dealt with them appropriately. The court is cognizant of the fact that this case was "collision sport" litigation. So, it is not at all surprising that counsel's time entries reflect the effort necessary to participate in such tenacious advocacy.

§ 2000e-5(g)(2)(B) (emphasis added). "The word 'may' [in the statute] means just what it says: that a court has discretion to award (or not to award) attorney's fees." *Pitrolo v. Cty. of Buncombe, N.C.*, 2012 WL 4511173, at *2 (W.D.N.C. Oct. 1, 2012), *aff'd on other grounds*, 589 F. App'x 619 (4th Cir. 2014) (citing *Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332, 1335 (4th Cir.), *cert. denied* 519 U.S. 993 (1996)); *see also Canup*, 123 F.3d at 1444.

In *Canup*, a mixed motive case, the Eleventh Circuit instructed that, when determining whether attorney's fees and costs should be awarded, the court should consider and analyze, among other things: (1) "[T]he degree of success obtained by the plaintiff;" (2) "the facts of the given case;" and (3) "the severity of the Defendant's wrongdoing." *Canup,* 123 F.3d at 1444. The court further noted that it was "important to consider the facts of the given case" and that "misconduct manifests itself with varying degrees, so the severity of the defendant's wrongdoing can be considered in determining whether the defendant should be obligated to pay the plaintiff's attorney fees." *Id.* at 1444. The *Canup* court concluded that "[t]he District Court is in the best position to evaluate the effect the facts of a given case should have on the fee request." *Id.* In the end, in that particular case, the circuit held "that the District Court did not abuse its discretion when it declined to award any fees to the plaintiff in this case." *Id.* at 1445. Of course, what the *Canup* court did not decide was whether the district court would have abused its discretion if it had awarded fees.

In *Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074 (10th Cir. 1998), the plaintiff brought claims of sex discrimination, pregnancy discrimination, and disability discrimination. *Id.* at 1076. The plaintiff "prevailed before the jury on her mixed motive PDA claim and then . . . moved for costs and attorney's fees," although she "had obtained no relief." *Id.* at 1077. The defendant argued that the district court should have denied "any award of attorney's fees based on [the plaintiff's] failure to recover monetary damages." *Id.* However, that court held:

4

> Congress' stated purpose in enacting the statutes governing mixed motive cases supports an award of attorney's fees in those cases notwithstanding the lack of a damages award. A verdict for a plaintiff in a mixed motive Title VII case constitutes a victory on a significant legal issue that furthers a public goal, a goal that is advanced notwithstanding the fact that a plaintiff recovers no damages.

*Id.* at 1081. Specifically, the court held that "redress is nonetheless appropriate in these circumstances to avoid 'send[ing] a message that a little overt sexism or racism is okay, as long as it was not the only basis for the employer's action." *Id.* at 1082 (citation omitted).

This court finds the analysis in *Gudenkauf* to be persuasive and, even more importantly, supported by the text of § 2000e-5(g)(2)(B). The word "may" has to have meaning,[4] and the language of § 2000e-5(g)(2)(B) indicates that the court "has discretion to award (or not to award) attorney's fees." *Pitrolo*, 2012 WL 4511173, at *2. This court exercises its discretion to approve an award of attorney's fees and costs based on the verdict for Plaintiff, which "constitutes a victory on a significant legal issue that furthers a public goal . . . ." *Gudenkauf*, 158 F.3d at 1081. This was a hard fought case. The court sat over this trial for the better part of a week. The jury found that Plaintiff's race was a substantial motivating factor in his discharge. In the court's view, the jury was right. Under the unique circumstances of this case, this court declines to send the message that any degree of racism is okay, as long as the employer happens to have also considered other reasons.

Therefore, Plaintiff's Motion for Attorney's Fees and Costs, Declaratory, and Injunctive Relief (Doc. #143) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request for declaratory and injunctive relief is **DENIED**. His request for attorney's fees is **GRANTED**. Plaintiff is **AWARDED $165,091.50 in attorney's fees and $7,261.97 in costs and expenses**.

Plaintiff's Motion for Sanctions (Doc. # 168) is **DENIED**.

---

[4] "Congress' choice of words is presumed to be deliberate. . . ." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 353 (2013)

**DONE** and **ORDERED** this September 2, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE